IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY 1999 SESSION



**FILED**

**April 5, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 02C01-9804-CC-00099 |
| Appellee, | ) | |
| | ) | Madison County |
| v. | ) | |
| | ) | Honorable J. Franklin Murchison, Judge |
| MELVIN EDWARD HENNING, | ) | |
| | ) | (Sentencing) |
| Appellant. | ) | |

FOR THE APPELLANT:

C. Michael Robbins
46 North Third Street
Suite 719
Memphis, TN  38103
(On Appeal)

George Morton Googe
District Public Defender
227 West Baltimore Street
Jackson, TN  38301
(At Trial)

Vanessa King
Assistant Public Defender
227 West Baltimore Street
Jackson, TN  38301
(At Trial)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue North
Nashville, TN  37243-0493

Elizabeth T. Ryan
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

James G. Woodall
District Attorney General
225 Martin Luther King Drive
P. O. Box 2825
Jackson, TN  38302-2825

Donald H. Allen
Assistant District Attorney General
225 Martin Luther King Drive
P. O. Box 2825
Jackson, TN  38302-2825

OPINION FILED: _____

AFFIRMED AS MODIFIED

JAMES C. BEASLEY, SR., SPECIAL JUDGE

**O P I N I O N**

The appellant presents two issues in this appeal as of right: (1) did the trial judge sentence excessively, and (2) did the trial court err in ordering consecutive sentences? Upon our de novo review, we modify the sentence by reducing it from eleven to ten years and affirm the imposition of consecutive sentences.

We begin our analysis with a brief history of the case. On June 5, 1995, the Madison County Grand Jury returned an indictment against the appellant, Melvin Edward Henning, charging him with the attempted first degree murder and aggravated assault of Michael Smith in counts one and two, the attempted first degree murder and aggravated assault of Keith Fason in counts three and four, possession of a deadly weapon during the commission of a felony in count five, and resisting arrest in count six.

On May 16, 1996, a jury convicted the appellant of the attempted second degree murder and aggravated assault of Michael Smith, the attempted first degree murder and aggravated assault of Keith Fason, possession of a deadly weapon during the commission of a felony, and resisting arrest.

The evidence presented to the jury is summarized in this Court's opinion filed in the original appeal:

> On February 18, 1995, the appellant, accompanied by his cousin, Michael Smith, drove to the residence of Adel Washington, located at 236 Circle Drive, Jackson. Smith had agreed to accompany the appellant, believing that they were going to visit the appellant's sick mother.[1] Immediately prior to arriving at the Washington residence, the appellant made a stop at the residence of Ann Smith and inquired as to the whereabouts of the Washington children. Learning that they were with Ms. Smith, the appellant replied, "that's all I need to know" and proceeded to the Washington residence.[2] After

---

[1] Michael Smith testified that, earlier that day, the appellant had told him "that some girl had sent him to jail and 'I am going to get the bitch.'" Smith said, although he was not certain, he believed the girl to be someone named "Ardel" or "Adel."

[2] The proof at trial established that earlier in the month, Ms. Washington, who was acquainted with the appellant, had refused to sell the appellant and a female companion "dope." Following Ms. Washington's refusal to sell drugs, a heated argument ensued. The appellant produced what appeared to be a pistol and stated that he would be back. Shortly thereafter, Ms. Washington filed a complaint with the police, resulting in the appellant's arrest. On February 17,

arriving at the Circle Drive address, the appellant got out of his car and walked to the front door. At this point, the appellant was unaware that Ms. Washington was not at a home and that the only occupant was her live-in-boyfriend, Keith Fason, who was unknown to the appellant. The appellant pounded on the door and demanded that the door be opened. Upon receiving no reply, the appellant fired two shots at the door. At this point, Smith asked the appellant what was going on and the appellant turned and shot his cousin in the chest. Hearing the gunshots, Fason ran to a window on the other end of the house where he observed the appellant assisting the wounded Smith back to the passenger side of the car. Fason, while watching the appellant through the window, called the police to report the shooting. As Fason watched the appellant from the window, he observed the appellant look into the window where Fason was standing, raise his arm and fire one shot. The bullet passed through the window and struck a glass jar. Fason's arm was cut by a piece of the shattered glass.

The appellant returned to his car and left the scene. In the car, the appellant informed his wounded cousin that "I ain't taking you to the doctor." He proceeded to drive around until he saw Donald Morrow on East Chester Street. He stopped the car, threw the bleeding and semi-conscious Smith out of the car onto the street, and instructed Morrow to "Take [Smith] [expletive deleted] to the hospital before he dies."

State v. Melvin Edward Henning, No. 02C01-9703-CC-00126 (Tenn. Crim. App., Jackson, October 24, 1997), slip op. at 3-4.

After a sentencing hearing on July 16, 1996, the trial court imposed sentence as follows: eleven years for attempted second degree murder, nine years for each aggravated assault conviction, twenty-four years for attempted first degree murder, three years for possession of a weapon during the commission of a felony, and four months for resisting arrest. Counts one and two were ordered to run concurrently to each other, but consecutively to counts three and four, which were ordered to run concurrently to each other as well. All other sentences were concurrent, resulting in an effective sentence of thirty-five years. The consecutive sentencing was based upon the appellant's classification as a dangerous offender and the appellant's extensive criminal background.

An appeal was duly perfected and, on October 24, 1997, this Court rendered its opinion, affirming the appellant's conviction and sentence for attempted second degree

the appellant, upon leaving a night club in Jackson, discovered that his car had been vandalized. The appellant believed the person responsible was Ms. Washington.

murder in count one and reversing and modifying the conviction for attempted first degree murder to attempted second degree murder in count three. State v. Melvin Edward Henning, No. 02C01-9703-CC-00126 (Tenn. Crim. App., Jackson, October 24, 1997). Additionally, the Court dismissed the convictions for aggravated assault, finding a double jeopardy violation. The trial court's finding that the appellant was a dangerous offender was also affirmed. The case was remanded to the trial court for entry of judgment on the modified second degree murder conviction and for resentencing on that conviction and for a determination of whether consecutive sentences were appropriate. Specifically, the trial court was directed to determine whether the aggregate sentence imposed was reasonably related to the severity of the offenses and was necessary to protect the public from further criminal acts of the appellant as required by State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995).

At the resentencing hearing, no evidence was presented. The State argued for a maximum sentence of twelve years on the attempted second degree murder of Keith Fason to be served consecutively with the eleven-year sentence previously imposed for the attempted second degree murder of Michael Smith. Defense counsel sought a mid-range sentence of ten years to run concurrently with the sentence previously imposed in the Smith matter.

At the conclusion of the hearing, the trial court, referencing and relying on its decision and the reasons stated during the previous sentencing hearing, ordered a sentence of eleven years for the modified attempted second degree murder conviction in count three to run consecutively with the eleven years previously imposed in count one.

This Court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166 (Tenn. 1991). If the trial court fails to comply with the statutory directives,

there is no presumption of correctness and our review is de novo. State v. Poole, 945 S.W.2d 93 (Tenn. 1997).

The record reflects that, at the original sentencing hearing, the eleven-year sentence imposed for the attempted murder of Michael Smith was based upon a finding of the following enhancement factors: (1) the defendant has a previous history of criminal convictions; (6) the personal injuries inflicted upon the victim were particularly great; and (9) the defendant possessed a firearm during the commission of the offense. Tenn. Code Ann. § 40-35-114. The victim testified that the appellant shot him one inch from the heart. As a consequence of the shooting, Smith was hospitalized for one month, including nine days in the intensive care unit. He underwent two surgeries due to injuries received to his "kidney, spleen, liver, heart and lungs." As a result of this incident, Smith asserted, "I am destroyed for the rest of my life."

While enhancement factors (1) and (9) apply equally to the two attempted homicides, the record reflects the only injury suffered by victim Fason was a cut on the arm from a piece of shattered glass when a bullet passed through a nearby window and struck a glass jar. Thus, there are three enhancement factors present in the attempted murder of Smith and only two in the attempted murder of Fason.

The State argues the fact the appellant also received an eleven-year sentence for the attempted second degree murder of Michael Smith in a separate count has no bearing on the propriety of the sentence in this case. On the other hand, the appellant avers it amounts to an inequality between the two sentences which is unrelated to any purpose of the Criminal Sentencing Reform Act of 1989. We agree with the appellant.

Our de novo review of this record leads us to the conclusion that under these facts and circumstances there is unjustified disparity in the sentencing of the appellant in the instant case. Accordingly, we reduce the sentence from eleven to ten years. We recognize that the weight to be afforded any existing enhancement and/or mitigating

factors is left to the trial court's discretion, but only so long as it complies with the purpose and principles of the 1989 Sentencing Act and its findings are adequately supported by the record. One of the stated purposes in the Sentencing Act is the elimination of disparity in sentencing.

As to the consecutive sentencing, the transcript of the resentencing hearing reflects that the trial court again relied on the reasons stated during the original sentencing hearing as the basis for imposing these consecutive sentences. The court stated:

> There is no reason to change that -- for the same reasons that I did impose consecutive sentences before on Counts 1 and 3. So -- he is a dangerous offender, etc. There is no reason to change that simply because it goes down from attempted first degree murder to attempted second degree murder on Count 3.

The trial judge failed to mention the Wilkerson factors, nor did he comment on the appellant's extensive record of criminal activity. However, under our power of de novo review, we find the consecutive sentences are necessary to protect the public from further criminal conduct by the appellant, are reasonably related to the severity of the offenses, and are congruent with general sentencing principles. The appellant was properly sentenced to consecutive terms.

We affirm the judgment as to the consecutive sentences and remand to the trial court for entry of a judgment reflecting a ten-year sentence for the attempted second degree murder of Keith Fason.

_____
JAMES C. BEASLEY, SR., SPECIAL JUDGE

CONCUR:

_____

-6-

JOHN H. PEAY, JUDGE


_____

JOE G. RILEY, JUDGE